UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian L. Jones,   #12854-171, | ) | C/A No.  3:08-2164-GRA-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Warden, FCI Butner Low , | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

     Petitioner is a federal prisoner, currently incarcerated at Federal Correctional Institution (FCI) Butner Low, a low security facility in the Butner Federal Correctional Complex in Butner, North Carolina, and files a habeas petition in this district under 28 U.S.C. § 2241.  Petitioner proceeds *pro se.*

### *Pro Se* Review

     Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr*., 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980)(*per curiam*).  Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411,

417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

<u>Discussion</u>

Petitioner filed the above-captioned matter to dispute the calculation of time-served credits. Prisoner has named the United States of America as Defendant; however, a prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, the proper respondent in this action is the Warden of FCI Butner Low.  Since the United States is not the proper respondent, the petition should be summarily dismissed without prejudice as to that respondent, and the Warden of FCI Butner Low should be substituted as the respondent.

The respondent Warden of FCI Butner Low is located in North Carolina.  A § 2241 or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian.  *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494-500 (1973); *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981).  Because § 2241 petitions are properly brought only in the Federal District in which the petitioner is incarcerated, *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000), and because Petitioners' custodian is properly subject to service in the Eastern District of North Carolina, this case should be transferred to that court for further processing.


<u>Recommendation</u>

Accordingly, it is recommended that this Court transfer this case to the Eastern District of North Carolina. Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

August 4, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).